FILED

2026 Feb-03  AM 10:23
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## JASPER DIVISION

**DALTON D. BANKS,**              ]
                                 ]
    **Plaintiff,**              ]
                                 ]
**v.**                           ]    **Case No. 6:25-cv-132-ACA**
                                 ]
**DONNA K. LAMONS, et al.,**     ]
                                 ]
    **Defendants.**             ]

## <u>MEMORANDUM OPINION</u>

*Pro se* Plaintiff Dalton D. Banks was involuntarily committed to the Alabama State Department of Mental Health based on an emergency order entered by Cullman County Judge of Probate Tammy Brown in relation to a petition filed by the Cullman County Sheriff's Department. (Doc. 6 at 4–5, 14, 16). Mr. Banks sues Judge Brown and the Sheriff's Department under the Fourth and Fourteenth Amendments and the Alabama Constitution for the involuntary commitment and contemporaneous seizure of Mr. Banks's firearm. (*Id.* at 11–12). Before the court are Judge Brown's and the Sheriff's Department's motions to dismiss the amended complaint (docs. 11, 18), their joint motion to strike certain filings (doc. 39), and several of Mr. Banks's non-dispositive motions (docs. 20, 23, 37, 41, 46, 47, 54, 55, 61, 64, 66).

Because Judge Brown is immune from suit, the court **WILL GRANT** her motion to dismiss. (Doc. 18). Because the Sheriff's Department is not an entity

subject to suit, the court **WILL GRANT** its motion to dismiss (Doc. 11). The court **WILL DENY** Mr. Banks's motion to supplement the complaint (doc. 20), motion to inform the court (doc. 23), motion for judicial notice (doc. 37), motion to amend the complaint (doc. 41), motion for sanctions (doc. 46), motion to close the pleadings (doc. 47), motion for costs and fees (doc. 54), and motion to strike (doc. 64). The court **WILL DENY** Defendants' motion to strike (doc. 39), Mr. Banks's motions to lift the stay (doc. 55, 66), and Mr. Banks's motion to compel mediation (doc. 61) as **MOOT**.

## I.    BACKGROUND

At this stage, the court must accept as true the factual allegations in the amended complaint and construe them in the light most favorable to the plaintiff. *Barat v. Navy Fed. Credit Union*, 127 F.4th 833, 835 (11th Cir. 2025).

Judge Brown entered an emergency order to involuntarily commit Mr. Banks based on concerns that he posed a danger to himself and others. (Doc. 6 at 4–5 ¶¶ 10–11; *see id.* at 14). The emergency order was entered in reliance on the Sheriff Department's allegations of mental illness. (*Id.* at 4–5 ¶ 10). The same day, a Sheriff's Department deputy involuntarily committed Mr. Banks and confiscated his firearm. (*Id.* at 4–5 ¶¶ 10, 12; *see id.* at 16).

The Sheriff's Department filed a petition for involuntary commitment two days after Judge Brown entered the emergency order, but the petition failed to

comply with state law in a variety of ways. (Doc. 6 at 6–10 ¶¶ 17, 19–29). Mr. Banks was not served the petition, nor did he attend any hearing regarding the petition. (*Id.* at 8 ¶¶ 22, 25). Judge Brown ordered Mr. Banks's release five days after she entered the initial commitment order. (*Id.* at 15).

After Mr. Banks was released, he "made numerous attempts to recover" his firearm, (*id.* at 11 ¶ 38), including initiating a small claims case in Alabama state court. (*See* doc. 60-1). The court may take judicial notice of state court records at the motion to dismiss stage. Fed. R. Evid. 201; *see Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649, 651–52 (11th Cir. 2020). Mr. Banks sued a Sheriff's Department deputy in the Small Claims Court of Cullman County, Alabama. (Doc. 60-1 at 6). He sought the return of his firearm or its value of $1000. (*Id.*). The District Court of Cullman County dismissed the claim with prejudice. (*Id.* at 8).

## II.    DISCUSSION

### 1.    Judge Brown's Motion to Dismiss

"[T]o survive a motion to dismiss, the factual allegations must be enough to raise a right to relief." *Barat*, 127 F.4th at 835 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (quotation marks omitted; alterations accepted). Where, as here, a plaintiff proceeds *pro se*, the court must liberally construe the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("a *pro se* complaint, however inartfully

pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers").

Mr. Banks asserts that Judge Brown violated his due process and equal protection rights under the Fourteenth Amendment and Alabama Constitution by entering the emergency order based on a defective petition for involuntary confinement and without a necessary factual inquiry. (Doc. 6 at 5–12). Mr. Banks seeks compensatory and punitive damages as remedies from Judge Brown. (*Id.* at 13). Judge Brown responds that claims against her in her official capacity are barred by sovereign immunity. (Doc. 19 at 2–3). And she argues that she is entitled to absolute judicial immunity for Mr. Banks's claims against her in her individual capacity. (*Id.* at 3–5).

The court agrees on both points. The Eleventh Amendment "bars suits brought in federal court when the State itself is sued," unless the State has consented to be sued or Congress abrogates the State's immunity. *Manders v. Lee*, 338 F.3d 1304, 1308 (11th Cir. 2003) (en banc). "A suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office, and as such, it is no different from a suit against the State itself." *Simmons v. Conger*, 86 F.3d 1080, 1085 (11th Cir. 1996) (quotation marks omitted; alterations accepted).

Alabama has not consented to be sued, and Congress has not abrogated Alabama's Eleventh Amendment immunity in § 1983 cases. *Nichols v. Alabama State Bar*, 815 F.3d 726, 731–32 (11th Cir. 2016). And Judge Brown, as a probate judge, is a state official. *Cf. Simmons*, 86 F.3d at 1085 (noting that an Alabama circuit court judge is immune from suit for money damages under the Eleventh Amendment); *see also* Ala. Const. Art. VI §§ 139, 144 (creating the probate courts as part of the State's unified judicial system). Accordingly, Judge Brown is immune from suit in her official capacity. Accordingly, the court **WILL DISMISS** the official capacity claims against Judge Brown **WITHOUT PREJUDICE**.

Judge Brown is also immune from suit in her individual capacity for the conduct that Mr. Banks challenges. "Judges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the clear absence of all jurisdiction." *Sibley v. Lando*, 437 F.3d 1067, 1070 (11th Cir. 2005) (quotation marks omitted). "This immunity applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction." *Id*. Whether a judge's actions occurred in her judicial capacity depends on whether the act was a normal judicial function, occurred in the judge's chambers or in open court, involved a case pending before the judge, and resulted in a confrontation arising immediately from the action in her judicial capacity. *Id*.

Mr. Banks argues that the contested action was not taken in Judge Brown's judicial capacity. (Doc. 25 at 2). The contested action is Judge Brown issuing an emergency order which caused Mr. Banks to be involuntarily committed for five days. (Doc. 6 at 5–6; *see id.* at 14, 16–17). Probate judges are specifically authorized to enter these emergency orders. *See* Ala. Code § 22-52-7. And Judge Brown issued the order in her official capacity after a Sheriff's Department deputy requested it. (Doc. 6 at 4–5 ¶¶ 10–11). Accordingly, Judge Brown acted in her judicial capacity when she issued the emergency order and is immune from suit.

Dismissal with prejudice is appropriate when a complaint cannot be more carefully drafted to state a claim. *Ounjian v. Globoforce, Inc.*, 89 F.4th 852, 862 (11th Cir. 2023). So the court **WILL GRANT** Judge Brown's motion to dismiss (doc. 18) and **WILL DISMISS** all claims against her in her individual capacity **WITH PREJUDICE**.

<h4 align="center">2.    Cullman County Sheriff's Department's Motion to Dismiss</h4>

Mr. Banks brings two causes of action under 42 U.S.C. § 1983 against the Sheriff's Department: (1) a due process and equal protection violation under the Fourteenth Amendment and the Alabama Constitution for the involuntary commitment, and (2) an unlawful seizure under the Fourth Amendment and the Alabama Constitution for seizing Mr. Banks's firearm. (Doc. 6 at 11–12). He seeks compensatory and punitive damages, as well as an injunction requiring the Sheriff's

Department to return the firearm. (*Id.* at 13). The Sheriff's Department moves to dismiss these claims because it is not an entity subject to suit. (Doc. 12 at 3–4).

The Eleventh Circuit has clarified that Alabama sheriff's departments are not legal entities and therefore cannot be sued. *Dean v. Barber*, 951 F.2d 1210, 1214–15 (11th Cir. 1992). Whether an entity is subject to suit is determined by state law. *Id*. And Alabama law is clear that county sheriff's departments lack the capacity to be sued. *Id.* at 1215 (citing *White v. Birchfield*, 582 So. 2d 1085, 1087 (Ala. 1991)).

Mr. Banks maintains that his claims fall into an exception to state-law immunity. (Doc. 14 at 2). But the Sheriff's Department is not a legal entity *immune* from suit—it is not a legal entity at all. *See White*, 582 So. 2d at 1087. The Alabama Supreme Court has explained that when a party seeks to claim liability against a sheriff's department, the legal entity that should be named as a defendant is the sheriff himself. *See id.* Accordingly, the court **WILL GRANT** Cullman County Sheriff's Department's motion to dismiss (doc. 11) and **WILL DISMISS** all claims against it **WITH PREJUDICE**.

Judge Brown and the Sheriff's Department seek to strike Mr. Banks's sur-reply to the motion to dismiss. (Doc. 39 ¶ 3). Because the court did not rely on the sur-reply in reaching its decision, the court **WILL DENY** the motion as **MOOT**.

### 3.    Mr. Banks's Motion to Amend the Complaint

Mr. Banks filed a document titled "notice to the Clerk of Court to docket amendment to complaint" (doc. 41), which this court construed as a motion to file a second amended complaint (doc. 59). *See* Fed. R. Civ. P. 15(a)(1), (2) (a party may amend its complaint only once as a matter of course, then must seek the court's leave for further amendments). Mr. Banks seeks to add Cullman County Sheriff Matt Gentry as a defendant in his official capacity. (Doc. 41 at 1). Defendants argue that amendment would be futile and should be denied because the amended complaint would still be subject to dismissal. (Doc. 60 ¶ 70).

Courts should allow leave to amend freely "when justice so requires." Fed. R. Civ. P. 15(a)(2). But a court may deny leave to amend when amendment would be futile. *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1262–63 (11th Cir. 2004). "[D]enial of leave to amend is justified by futility when the complaint as amended is still subject to dismissal." *Id.* at 1263 (quotation marks omitted).

Mr. Banks's motion must be denied because his complaint would still be subject to dismissal. To the extent Mr. Banks seeks damages against Sheriff Gentry (*see* doc. 6 at 13), the Alabama Constitution immunizes a sheriff in his official capacity against suits for money damages. *Ex parte Hale*, 6 So. 3d 452, 456–57 (Ala. 2008). And to the extent he seeks an injunction to require Sheriff Gentry to return his firearm (*see* doc. 6 at 13), he is barred by the doctrine of *res judicata*.

*Res judicata* is an affirmative defense. *Norfolk S. Corp. v. Chevron, U.S.A., Inc.*, 371 F.3d 1285, 1289 (11th Cir. 2004). And dismissal of a complaint based on an affirmative defense "is proper only where it is apparent from the face of the complaint." *Wainberg v. Mellichamp*, 93 F.4th 1221, 1224 (11th Cir. 2024). But the court may consider judicially noticed facts when determining if a complaint will survive a motion to dismiss. Fed. R. Evid. 201; *see Paez*, 947 F.3d at 651–52; *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1276–78 (11th Cir. 1999). So the court considers the judicially noticed facts and Mr. Banks's complaint to determine if the proposed amended complaint would be subject to dismissal.

"The doctrine of *res judicata*, or claim preclusion, bars the parties to an action from litigating claims that were or could have been litigated in a prior action between the same parties." *Lobo v. Celebrity Cruises, Inc.*, 704 F.3d 882, 892 (11th Cir. 2013). Because Defendants ask this court to give *res judicata* effect to an Alabama small claims court judgment (doc. 60 ¶¶ 4–5), the court applies Alabama's *res judicata* principles. *See Amey, Inc. v. Gulf Abstract & Title, Inc.*, 758 F.2d 1486, 1509 (11th Cir. 1985). Under Alabama law, "[t]he essential elements of *res judicata* are (1) a prior judgment on the merits, (2) rendered by a court of competent jurisdiction, (3) with substantial identity of the parties, and (4) with the same cause of action presented in both actions." *Equity Res. Mgmt., Inc. v. Vinson*, 723 So. 2d 634, 636 (Ala. 1998).

It is clear from the face of Mr. Banks's complaint and the judicially noticed facts that any claim for injunctive relief to return his firearm is barred by *res judicata*. Mr. Banks alleges that he made numerous attempts to recover his firearm. (Doc. 6 at 11 ¶ 38). One such attempt was his small claims court suit. (*See* doc. 60-1 at 6–8). Mr. Banks sued to recover his firearm (valued at $1000) from a deputy sheriff, and the District Court of Cullman County dismissed Mr. Banks's claim with prejudice. (*Id.* at 8).

A dismissal with prejudice is a judgment on the merits. *Citibank, N.A. v. Data Lease Fin. Corp.*, 904 F.2d 1498, 1501 (11th Cir. 1990). The small claims court was one of competent jurisdiction to hear a dispute valued at $1000. (*See* doc. 60-1); *see* Ala. Code § 12-12-31(a) ("The district court shall exercise exclusive jurisdiction over all civil actions in which the matter in controversy, exclusive of interest and costs, does not exceed six thousand dollars"). Although Mr. Banks sued a deputy instead of Sheriff Gentry in small claims court, substantial identity of parties exists when the parties' interest in the suit is so aligned that one is the "virtual representative" of the other. *Greene v. Jefferson Cnty. Comm'n*, 13 So. 3d 901, 912 (Ala. 2008). That is the case here, where a suit against a deputy in his official capacity is equivalent to suit against the Sheriff. *Ex parte Pinkard*, 373 So. 3d 192, 199 (Ala. 2022) ("[A] suit against a State agent in his official capacity is equivalent to a suit against the office itself.") (quotation marks omitted). And because both

cases arise out of the "same nucleus of operative facts"—the confiscation of Mr. Banks's firearm—they involve the same cause of action. *Greene*, 13 So. 3d at 913.

All four elements of *res judicata* are met here. Accordingly, Mr. Banks's suit for injunctive relief is barred. Because Mr. Banks's proposed amendment would be futile, the court **WILL DENY** the motion to amend the complaint. (Doc. 41).

Mr. Banks moves to strike the portion of Defendants' answering brief that references the Alabama small claims court action. (Doc. 64 at 1). A court may strike from the record any "redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Because reference to the small claims court action is none of these things, the court **WILL DENY** the motion. (Doc. 64).

### 4.    Mr. Banks's Motion to Supplement the Complaint

Mr. Banks moves to supplement his amended complaint pursuant to Federal Rule of Civil Procedure 15(d). (Doc. 20 at 1). He seeks to attach documents filed in an apparently unrelated case before the Alabama Court of Civil Appeals. (*Id.*). Rule 15(d) allows courts to grant leave to parties "to serve a supplemental pleading setting out any transaction, occurrence, or event" that occurred after the date of the operative complaint. District courts may deny motions under Rule 15 where the proposed amendment does not help satisfy a necessary element of the claims. *See, e.g.*, *Huggins v. Sch. Dist. of Manatee Cnty.*, 151 F.4th 1268, 1286 (11th Cir. 2025).

Mr. Banks contends that the appellate court documents are relevant to this case because it "evidences that Defendant has pursued a related claim in another forum," thereby precluding a claim of *res judicata* in this court. (Doc. 20 at 3). But there is no indication Defendants are a part of that action. (*See* doc. 20-1 at 54). So the proposed supplement to the complaint has no relevance to the instant action. Consequently, the court **WILL DENY** Mr. Banks's motion to supplement the complaint. (Doc. 20).

> 5.    Mr. Banks's Motion to Inform the Court of Constitutional Concerns

Mr. Banks asks this court to take judicial notice of constitutional concerns arising from the involuntary commitment petition. (Doc. 23). In particular, he requests this court to take notice of the fact that his political and religious beliefs were unconstitutionally used as the basis of the involuntary commitment petition. (*Id.* at 1–2).

A court may take judicial notice of adjudicative facts "not subject to reasonable dispute" when the facts are "generally known within the trial court's territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(a)–(b). "In order for a fact to be judicially noticed under Rule 201(b), indisputability is a prerequisite." *United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994). Here, the constitutionality of the involuntary commitment petition is not indisputable. On the

contrary, the court would need to conduct a merits-based analysis of the facts in this case to determine if the petition was unconstitutional, making it an inappropriate fact for judicial notice. *See id.* Nor can the constitutionality of the petition be determined from some source that cannot reasonably be questioned. Fed. R. Evid. 201(b)(2). Accordingly, the court **WILL DENY** Mr. Banks's motion to inform the court of constitutional concerns. (Doc. 23).

      6.      Mr. Banks's Motions for Judicial Notice and Motion to Compel

Mr. Banks asks the court to take judicial notice of 42 U.S.C. § 1985(2)–(3) and order Defendants to respond to his claims brought under that statute. (Doc. 37 at 1). But Mr. Banks's complaint is devoid of any allegations that would put Defendants on notice of a conspiracy claim against them.

Conspiracy under 42 U.S.C. § 1985 requires "an agreement between two or more people to achieve an illegal objective, an overt act in furtherance of that illegal objective, and a resulting injury to the plaintiff." *Wainberg v. Mellichamp*, 93 F.4th 1221, 1225 (11th Cir. 2024). Mr. Banks never alleges that Defendants reached an agreement to deprive him of his constitutional rights or achieve any other illegal objective. (*See generally* doc. 6). Nor does his complaint reference 42 U.S.C. § 1985. (*See generally id.* at 1–13). So the court will not take judicial notice of the conspiracy statute, nor compel Defendants to respond to a cause of action that was not asserted

against them. As such, the court **WILL DENY** Mr. Banks's motion for judicial notice and to compel a response. (Doc. 37).

       7.    <u>Remaining Motions</u>

Mr. Banks seeks sanctions under Federal Rule of Civil Procedure 11 against counsel for Judge Brown and the Sheriff's Department. (Doc. 46). Rule 11 grants the court the authority to sanction an attorney if her filings are presented for an improper purpose, are frivolous, or lack evidentiary support. Fed. R. Civ. P. 11(b)– (c). Because Defendants' filing had none of these attributes, the court **WILL DENY** the motion. (Doc. 46).

Mr. Banks moves for an order awarding him the costs and fees incurred to date. (Doc. 54). Courts may award reasonable attorney's fees and costs to the "prevailing party" of an action or proceeding. Fed. R. Civ. P. 54(d); 42 U.S.C. § 1988(b). Because Mr. Banks is not the "prevailing party," the court **WILL DENY** the motion. (Doc. 54).

Mr. Banks moves to close the pleadings. (Doc. 47). But Defendants in this case filed motions to dismiss, so the parties were still within the period in which they could file responsive pleadings. *See* Fed. R. Civ. P. 12(a)(1)(c) (serving a motion under Rule 12 extends the period to file a responsive pleading to fourteen days after the court's order denying or granting the motion); (*see* docs. 11, 18). So the court **WILL DENY** the motion. (Doc. 47).

Mr. Banks moves to lift the stay order and moves for an order from this court referring the case to mediation. (Docs. 55, 61, 66). Because this memorandum opinion and forthcoming order dispose of all the claims in this case, the court **WILL DENY** these motions as **MOOT.**

## III.  CONCLUSION

The court **WILL GRANT** Judge Brown's motion to dismiss the claims against her. (Doc. 18). The court **WILL DISMISS** the claims against Judge Brown in her official capacity **WITHOUT PREJUDICE** and **WILL DISMISS** the claims in her individual capacity **WITH PREJUDICE**.

The court **WILL GRANT** the Sheriff Department's motion to dismiss the claims against it **WITH PREJUDICE**. (Doc. 11).

The court **WILL DENY** Mr. Banks's motion to supplement the complaint (doc. 20), motion to inform the court (doc. 23), motion for judicial notice (doc. 37), motion to amend the complaint (doc. 41), motion for sanctions (doc. 46), motion to close the pleadings (doc. 47), motion for costs and fees (doc. 54), and motion to strike (doc. 64).

The court **WILL DENY** Defendants' motion to strike (doc. 39), Mr. Banks's motions to lift the stay (doc. 55, 66), and Mr. Banks's motion to compel mediation (doc. 61) as **MOOT**.

The court will enter a separate final order consistent with this opinion.

**DONE** and **ORDERED** this February 3, 2026.

_____

**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE